In the United States District Court
Northern District of Ohio
Western Division


Terrell Leech                                   Case No.
C/o Pat Horner, Attorney
412 14th Street                                 Judge
Toledo, OH 43604


        Plaintiff                               Complaint with Jury Demand
                                                Endorsed Hereon

v.
                                                Patricia Horner
                                                S. Ct. #0039912
Management & Training Corp.,                    412 14th Street
c/o CT Corp. System, Statutory Agent            Toledo, OH 43604
1300 E. 9th                                     (419) 699-6163
Cleveland, OH 44114                             FAX (419) 244-1119
        And                                     Attorneypath@gmail.com
                                                And
MTC Medical, LLC                                Wesley Miller Jr.
c/o CT Corp. System, Statutory Agent            S. Ct. # 0043875
1300 E. 9th                                     P.O. Box 11417
Cleveland, OH 44114                             Toledo, OH 43635
And                                             (419) 508-7892
                                                Wes@wesleymillerlaw.com
Tyler Stuckey, P.A.
In his professional and individual
Capacity
c/o MTC Medical, LLC
Statutory Agent
1300 E. 9th Street
Cleveland, OH 44114


        And
John Stein, M.D.
In his professional and individual capacity
c/o Team Health

265 Brookview Centre Way
Suite 400
Knoxville, TN 37919
and

John Doe(s) 1-5 (whose
Names are currently unknown)
c/o Neil Turner, Warden
NCCC
670 Marion-Williamsport Rd.
Marion, OH 43302
Individually & in their
Professional Capacity
And

Health Care Administrator (name presently unknown)
C/o Neil Turner, Warden
670 Marion-Williamsport Rd.
Marion, OH 43302
Individually & in her/his
Professional Capacity

Defendants.

***********************

This is a complaint for money damages against the Health Care Administrator (whose name is presently unknown) employed at North Central Correctional Complex (NCCC), John Stein, M.D., Tyler Stuckey, P.A. both health care professionals working at NCCC, Management & Training Corporation (MTC), who owns and operates the prison known as NCCC, MTC Medical LLC which operates the health care facility at NCCC, and John Does 1-5 (whose names are presently unknown) for violation of plaintiff Terrell Leech's constitutional and common law rights. Plaintiff alleges that Dr. Stuckey, Dr. Stein, Medical, HCA and MTC Medical denied him prompt necessary medical care, provided him with medical care that was below the accepted standard of care in the community, and all violated his United States Constitutional rights by failing to provide timely, adequate medical care for his serious medical needs.

Now comes plaintiff Terrell Leech, through his Attorneys, and for his causes of action alleges the following.

2

## PARTIES

1. Plaintiff Terrell Leech (hereinafter, at times, Leech) is, and has been throughout the time giving rise to the events set forth herein, an inmate at North Central Correctional Complex (hereinafter NCCC).

2. At all times relevant hereto, Defendant Management & Training Corp. (hereinafter MTC) is a foreign corporation, organized under the laws of the State of Delaware, authorized to do business in the State of Ohio, with a place of business in Marion, Marion County, Ohio and whose business has impact on and interaction with interstate and intrastate commerce.

3. At all times relevant hereto, Defendant MTC Medical, LLC (hereinafter Medical) is a limited liability corporation, organized under the laws of the State of Ohio, authorized to do business in the State of Ohio, is a subsidiary of defendant MTC, has its principal place of business at NCCC in Marion, Marion County, Ohio and whose business has impact on and interaction with interstate and intrastate commerce.

4. At all times relevant hereto, Defendants MTC and Medical have acted under contract with and on behalf of ODRC and the State of Ohio in operating NCCC.

5. At all times relevant hereto, Defendant Dr. John Stein (hereinafter Dr. Stein) is a physician, licensed by the State of Ohio, was employed by, or at, Defendant MTC and/or Medical, worked

at NCCC, acted with the authority of and on behalf of defendant MTC and Medical while in the course of his professional capacity at MTC and Medical at NCCC and/or acted with the authority of and on behalf as an employee, staff, independent contractor and/or agent of MTC and Medical and is being sued here in his official capacity as a physician and is also being sued in his individual capacity.

6. At all times relevant hereto, Defendant Tyler Stuckey (hereinafter Stuckey) a physician's assistant, was employed by Defendant MTC and/or Medical, worked at NCCC, acted with the authority of and on behalf of defendant MTC and Medical while in the course of his professional capacity at MTC and Medical at NCCC and/or acted with the authority of and on behalf as an employee, staff, independent contractor and/or agent of MTC and Medical and is being sued here in his official capacity as a physician assistant and is also being sued in his individual capacity.

7.  At all times relevant hereto, Defendants John Does 1 through 5 (Doe), whose full names and addresses are unknown to plaintiff presently, each was an employee of MTC, acted with the authority of and on behalf of defendants MTC and Medical while in the course of their employment with MTC and/or Medical at NCCC and/or acted with the authority of and on behalf as employees, staff, corrections officers, medical personnel, and/or agents of MTC and/ or Medical are being sued here in their official capacity as a health care providers and/or employees, agent and are also being sued in their individual capacity.

4

8. At all times herein, defendants MTC and Medical, through its agreement, contract, and/or Memorandum of Understanding with the ODRC and the State of Ohio, and by operating a prison in the State of Ohio, and, pursuant to the United States Constitution, the Ohio Administrative Code including but not limited to Chapter 5120:1 et seq. and the Ohio Revised Code, including but not limited to §§311 et seq., 341.01 et seq., owed a duty to plaintiff to provide reasonable and adequate medical care and treatment to its prisoners. Further, where applicable herein, defendants MTC and Medical had a duty to protect plaintiff from unreasonable, foreseeable risks of harm.

9. At all relevant times here and upon information and belief, Defendant Health Care Administrator ( hereinafter HCA) (whose name is unknown presently) is an employee of MTC, working at NCCC, acted with the authority of and on behalf of defendant MTC while in the course of her/his employment at MTC and/or acted with the authority of and on behalf as an employee, staff, corrections officer and/or agent of MTC is being sued in his/her official capacity and his/her individual capacity.

**JURISDICTION AND VENUE**

10. Plaintiff hereby incorporates by reference here paragraphs 1-9 above.

11. This Court has original jurisdiction pursuant 28 U.S.C. §1331 over Plaintiff's causes of action as these arise under the United States Constitution and federal law, 42 U.S.C. §1983.

12.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over Plaintiff's State

5

law causes of action that form part of the same case or controversy as the claims acquiring original jurisdiction.

13. Venue lies in the United States District Court for the Northern District of Ohio because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Marion County, Ohio, which lies in the jurisdiction of this Court, 28 U.S.C. §1391(b)(2).

14. Divisional venue is in the Western Division because the events leading to the claims for relief arose in Marion County, Ohio.

**FACTUAL ALLEGATIONS**

15. Plaintiff hereby incorporates by reference as if fully rewritten here paragraphs 1-14 above.

16. On December 8, 2015, while incarcerated at NCCC, Terrell Leech sustained a serious physical injury while playing basketball; another inmate inadvertently stuck his finger into plaintiff's right eye, striking and cutting the eyelid and inner corner of his right eye.

17. Plaintiff immediately went to Medical for medical attention. The RN on duty (whose name is presently unknown) wanted Mr. Leech to see a physician at an outside hospital for treatment, thus she called her supervisor (whose name and position are presently unknown) who may have been the HCA, or may have been Dr. Stein, requesting permission to send Leech to an outside local hospital for treatment. This request was denied, instead the RN was instructed to tape Leech's eye shut and place him on Doctor sick call for the following day. The RN cleaned the

area as best as possible, placed a protective cover over the eye, taped it down, placed plaintiff on the doctor's sick call for the next day and instructed him to return to his unit.

18. On or about December 9, 2015 plaintiff returned to the medical unit and met with defendant Dr. Stein, who determine stitches were needed to address the lacerations. While attempting to sew the sutures in place, Dr. Stein stated that the medical tools at the facility were inadequate to perform the necessary medical treatment and procedure. Plaintiff also overheard a conversation between medical assistant, possibly defendant Tyler Stuckey, and defendant Dr. Stein where the medical assistant stated that a knot may result from the stitches at the corner of the eye, and Dr. Stein responded, "no, I'll just refer him to plastics."

19.  After December 9, Plaintiff returned to medical frequently for cleansing of his injured right eye. On or about December 14, 2015 a health care assistant, possibly defendant Stuckey, was providing care to plaintiff and requested that the Supervisor on duty to examine plaintiff's eye. The Supervisor determined the stitches needed removing and a health care person (it is unclear who at this time) began removing the sutures; however, he, she was only able to take out 1 of the 4 stitches, then commented was unable to get the others due to location of them and because of inadequate medical equipment. Another medical person (whose name is unknown) was able to remove another suture but could not get the 2 remaining, so a third medical person attempted, struggled considerably but was successful in taking the last 2 sutures out. During this process plaintiff suffered significant pain, suffering, fear and anxiety.

20. Plaintiff returned to his unit and examined his right eye in the mirror and saw that the eyelid had an opening or slit remaining in it. Leech returned to medical immediately and talked with Defendant Dr. Stuckey about the condition; Stuckey told Mr. Leech to wait a week and the slit should fully healed shut.

21. Mr. Leech asked Defendant Dr. Stuckey why the eyelid injury healed improperly to which defendant Dr. Stuckey said, "we'll send you to plastics." Plaintiff was instructed to return to see Dr. Stuckey in a week.

22. Throughout the foregoing, Plaintiff had kept his mother, Teresa Leech, informed of the events taking place. Particularly, he explained the ordeal of removing the stitches and the way his eye had healed, she became very upset and called ODRC in Columbus, called Warden Turner at NCCC, and called a State Representative who was involved with the Correctional Institutional Investigation Committee (CIIC).

23. Upon information and belief, during the week of December 21, 2015, as a result of Ms. Leech's efforts, a Ms. Stanworth visited NCCC, observed plaintiff's eye and requested that NCCC send plaintiff to an eye specialist. Plaintiff was sent to Ohio State University Wexner Medical Center (hereinafter OSU) and was seen by a specialist in December 2015.

24. The OSU physician (whose name and speciality are presently unknown) informed Mr. Leech

he had a lacerated tear duct in the right eye and needed surgery in order to implant silicone tubes which would allow the tear ducts to function properly. This physician told Plaintiff he wanted to have the surgery scheduled in 14 days as scar tissue had not formed yet in the area.

25.  Plaintiff was still waiting in early March, 2016 for this surgery; he filed a kite and an Informal Complaint asking defendants what was going on with his appointment.

26. On or about March 17, 2016 Mr. Leech was transported to OSU and underwent the needed surgery; the silicone tubes were to be removed in about 6 months according to the surgeon.

27.  Plaintiff had an appointment to return to OSU in September and one in early October, 2016 for removal of the implants but each appointment was cancelled by defendants. Meanwhile, plaintiff went to medical informing them that his right eye was feeling irritated, uncomfortable itchy and swelling and he could feel the tube rubbing against his eye. Leech filed a kite and an Informal Complaint asking defendants what was going on with this appointment.

28. On or about October 29, 2016 the silicone tubes were removed.

29. Plaintiff has suffered extreme pain, anxiety, fear, extreme emotional distress, permanent injury as a result of defendants inadequate, below the standard of care in the community for medical care and treatment.

30.  These defendants maintained a policy, practice and custom of not providing sufficient training, education and /or hiring practices to ensure that plaintiff and other inmates were treated by medical personnel that provided medical care and treatment that met not only State minimum requirements but also conformed to accepted medical care in a community.

31.  Defendants knew of their medical personnel's failure to treat inmates for serious personal injuries, including plaintiff's right eye injuries. Defendants MTC and Medical knew of their medical personnel's perfunctory medical treatment to inmates for serious personal injuries, including plaintiff's. These defendants were deliberately indifferent to the failure to treat plaintiff and other inmates and/or the perfunctory treatment of inmates for serious personal injuries.

32. Defendants MTC and Medical maintained a policy, practice and custom of not providing timely, adequate and/or proper medical treatment to inmates, including plaintiff. This led to all defendants failing to discourage further constitutional violations under color of law on the part of its medical personnel, staff and/or agents and/ or independent contractors.

33. As a result of the above-described policies, practices, and/or customs defendants' MTC and/or Medical employees, staff, agents, independent contractors, including defendant Dr. Stein, HCA and Doe 1-5, believed that their actions would not be properly monitored by defendants' supervisory personnel and that misconduct would not be investigated, but would be tolerated.

34. The above-described policies, practices, and/or customs demonstrate a deliberate indifference on the part of defendants' MTC and Medical as they are inconsistent with ODRC policy, protocol, regulations and are inconsistent with the constitutional rights of persons being held at NCCC, including Mr. Leech's.

35.  The above-described policies, practices, and/or customs medical employees, staff, agents, independent contractors, including Dr. Stein, the HCA believed that their actions would not be properly monitored by defendants' supervisory personnel and that misconduct would not be investigated or sanctioned, but would be tolerated and are inconsistent with the constitutional rights of persons being held at NCCC, including plaintiff's.

36.  The above-described policies, practices, and/or customs demonstrate a deliberate indifference on the part of all defendants to the constitutional rights of persons being held at NCCC, including plaintiff's.

## COUNT I: 8TH AMENDMENT VIOLATIONS

37.  Plaintiff re-alleges and incorporates  by reference  ¶¶ 1 through 36  as if fully rewritten here.

38.  Plaintiff Terrell Leech claims damages under 42 U.S.C. §1983 for the injuries set forth above against defendants MTC, Medical, Dr. Stein, HCA, P.A. Stuckey and Doe 1-5 for failing to provide him with adequate medical care and treatment in violation of his United States

Constitutional rights as set forth in the 8th Amendment prohibiting cruel and unusual treatment.

39.  It was the custom, policy and/or practice of Defendants MTC, Medical, Dr. Stein and Doe 1-5 to fail to exercise reasonable care in the hiring of, training of and/or supervision of medical personnel, including staff, employees, agents and independent contractors at NCCC.

40.  This led to all defendants inadequately preventing constitutional violations on the part of its medical personnel.

41.  As a direct and proximate cause of the acts, omissions, policies and customs of defendants Dr. Stein, MTC and Medical their medical staff, personnel, employees, agents, independent contractors were deliberately indifferent to plaintiff's serious medical needs.

42. As a direct and proximate cause of the acts, omissions, policies and customs of defendants Dr. Stein and Doe 1-5, the medical staff, personnel, employees, agents and independent contractors were deliberately indifferent to plaintiff's serious medical needs.

**COUNT II: 14TH AMENDMENT VIOLATIONS**

43.  Plaintiff re-alleges and incorporates  by reference  ¶¶ 1 through 42  as if fully rewritten here.

44.  Plaintiff  claims damages under 42 U.S.C. §1983 for the injuries set forth above against defendants MTC, Medical, Dr. Stein, HCA and Doe 1-5 for violation of his constitutional rights under color of law.

45. Plaintiff Leech claims damages under 42 U.S.C. §1983 against defendants MTC, Medical, HCA, Dr. Stein and Doe 1-5 for failing to provide him adequate medical treatment in violation of his constitutional rights under color of law.

46.  Defendants MTC, Medical, Dr. Stein, HCA and Doe 1-5 developed and maintained polices, practices and /or customs exhibiting deliberate indifference to the constitutional rights of individuals held at NCCC which caused violation of Plaintiff Terrell Leech's rights.

47.  It was the policy, custom and/or practice of Defendants MTC, Medical, HCA, Dr. Stein and Doe 1-5 to fail to exercise reasonable care in the hiring of, training of and /or supervision of medical personnel, including staff, employees, independent contractors and /or agents at NCCC.

48.  This led to all defendants inadequately preventing constitutional violations on the part of its medical personnel.

49. As a result of the above-described policies, practices and/or customs, defendants' MTC and/or Medical employees, staff, agents, including defendants Dr. Stein, the HCA and Doe 1-5, believed that their actions would not be properly monitored by defendants' supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

50.  The above-described policies, customs and /or practices demonstrate a deliberate

13

indifference on the part of all defendants to the constitutional rights of persons being held at
NCCC, including plaintiff's.

51. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of
defendants MTC and Medical, co-defendants Dr. Stein, the HCA and Doe 1-5 provided medical
care and treatment to plaintiff for his serious medical needs that was inadequate and below the
standard of care in the community.

52. Plaintiff Leech has suffered physical pain, anxiety, emotional distress, fear, further injuries,
permanent injuries and will continue to do so into the future as a direct and proximate result of
all defendants deliberate indifference to his serious medical needs.

## Count III: NEGLIGENCE

53. Plaintiff re-alleges and incorporates  by reference  ¶¶ 1 through 52 as if fully rewritten here.

54. All Defendants their agents, employees, personnel, staff, independent contractors had a duty
to plaintiff to ensure that he received reasonable, prompt, adequate medical care and treatment
for injuries sustained while he was in their custody.

55.  It was reasonable for all defendants their agents, staff, employees, personnel, independent
contractors to provide adequate, reasonable, prompt medical care and treatment to plaintiff for

14

the lacerations to his eye, eyelid and tear duct and if such care and treatment was not provided it was foreseeable plaintiff Leech would sustain permanent injury, further pain and suffering, and future pain and suffering.

56. All Defendants their agents, personnel, staff, employees, independent contractors  failed to provide reasonable, prompt, adequate medical care and treatment to plaintiff for injuries to his right eye, eyelid and severed tear duct despite knowing of the urgency yet did not timely arrange for surgery as requested by OSU to implant the silicon ducts.

57. All Defendants their agents, personnel, staff, employees, independent contractors  failed to provide reasonable, prompt, adequate medical care and treatment to plaintiff for injuries to his right eye, eyelid and severed tear duct despite knowing of the urgency yet did not timely arranged  for surgery as requested by OSU to remove the temporary silicon ducts.

58. These defendants' failure was a breach of their statutory and common law duties to plaintiff, who was under their care and custody. This breach was negligence.

59. As a direct and proximate cause of all defendants' negligence, plaintiff suffered extreme pain, anxiety, fear, emotional distress, and permanent injury.

## Count IV: PUNITIVE DAMAGES

60.  Plaintiff re-alleges and incorporates  by reference  ¶¶ 1 through 59  as if fully rewritten here.

61.  Plaintiff alleges that all defendants themselves and/or through staff, agents and/or employees, acted with reckless indifference to his federal protected rights (the 8th Amendment and 14th Amendment)  throughout the events set forth herein.

62.  All defendants themselves and/or through agents, staff and/or employees reckless indifference to plaintiff's right to receive reasonable timely / adequate medical care and treatment violated plaintiff's legal rights as provided by the 14th and 8th Amendments to the United States Constitution and thus infringed on his civil rights as set forth at  42 U.S.C. 1983.

63. All defendants, their agents, staff and/or employees, failure to take adequate measures to ensure reasonable timely and /or adequate medical services were provided to plaintiff demonstrates their deliberate indifference to plaintiff 's health, safety and legal rights.

64. All defendants their staff, agents and/or employees failure to take reasonable adequate measures to ensure timely and /or adequate medical services were provided to plaintiff demonstrates bad faith, willful and / or wanton reckless conduct and/ or maliciousness towards plaintiff.

65. All defendants, their agents, staff and/or employees, failure to take reasonable adequate measures to ensure their staff, employees, agents and/or independent contractors did not violate plaintiff's constitutional rights to timely and/or adequate medical services demonstrates a

deliberate indifference to plaintiff 's health, safety and legal rights.

66.  All defendants, their agents and/or employees, failure to take adequate measure to ensure their staff, employees, agents and/or independent contractors did not violate plaintiff's constitutional rights to reasonable timely and/or adequate medical services demonstrates bad faith, willful/wanton reckless conduct and/or maliciousness towards plaintiff.

WHEREFORE, plaintiff Terrell Leech prays for judgment against all defendants Medical LLC, MTC, Dr. Stein, Dr. Stuckey, the HCA and John Does 1-5, jointly and severally, as follows:

A. Count I  for compensatory and statutory damages in an amount in excess of $25,000.00, reasonable attorneys fees as permitted by 42 U.S.C. §1988, costs, interest and pre-judgment interest;

B. Count II compensatory and statutory damages in an amount in excess of $25,000.00, reasonable attorneys fees as permitted by 42 U.S.C. §1988 plus costs, interest and prejudgment interest;

C. Count III  compensatory damages in an amount in excess of $25,000.00 costs, and prejudgment interest, interest;

D. Count IV  punitive damages in an amount of $500,000.00, reasonable attorney fees as permitted, and,

E. Costs, expenses, and prejudgment interest, interest and any other relief this Court deems just and proper.

17

Respectfully submitted,

/s/ Patricia Horner
Patricia Horner

And

/s/ Wesley Miller Jr.
Wesley Miller Jr.
Attorneys for plaintiff

Jury Demand Endorsed Hereon

Plaintiff demand a jury on all issues triable to them.

/s/ Patricia Horner
Patricia Horner

18