UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Terrell Leech,                                              Case No. 3:17-cv-1158

        Plaintiff

    v.                                                    MEMORANDUM OPINION

Management & Training Corp., et al.,

        Defendants

## I. INTRODUCTION

Defendants Tyler Stuckey and John Stein moved for judgment on the pleadings as to Plaintiff Terrell Leech's claims. (Doc. No. 9). In response, Leech filed a memorandum in opposition to the motion, (Doc. No. 23),[1] as well as a motion to amend the pleadings, (Doc. No. 19). Defendants oppose the amendment, alleging it would be futile. (Doc. No. 26).[2]

## II. BACKGROUND

On December 8, 2015, while incarcerated at North Central Correctional Center ("NCCC"), Plaintiff Terrell Leech sustained an injury to his right eye while playing basketball. (Doc. No. 1 at 6). He sought medical attention immediately. (*Id.*). The nurse on duty sought permission to send Leech to an outside hospital for treatment, but her request was denied by someone unknown to Leech. (*Id.*). Instead, the nurse cleaned the wound and taped the eye shut until Leech could be seen by a doctor. (*Id.* at 6-7).

---

[1] Defendants filed a reply. (Doc. No. 25).
[2] Leech filed a reply. (Doc. No. 27).

The next day, on December 9, 2015, Defendant Dr. John Stein sutured the wound in the corner of Leech's eye, even though Leech alleges Dr. Stein stated the equipment was inadequate to perform the procedure. (*Id.* at 7). On December 14, 2015, a supervising medical professional determined the stiches needed to be removed. (*Id.*). Persons speculated but unknown to Leech performed the removal procedure the same day. (*Id.*).

Following removal, Leech noticed there was still a slit in his eyelid. (*Id.* at 8). Leech alleges Defendant Tyler Stuckey, P.A., advised that the wound should fully heal within a week. (*Id.*). It did not, and Leech was subsequently sent to the Wexner Center at the Ohio State University to see a specialist, who proscribed and eventually performed surgery on the eye. (*Id.* at 8-9). About a year after the initial injury, on December 6, 2016, Leech sent a letter through counsel to P.A. Stuckey and Dr. Stein advising each that he intended to file a medical malpractice suit. (Doc. No. 19-1 at 10).

### III.   STANDARD

Rule 12(c) motions for judgment on the pleadings are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). Likewise, because leave to amend is challenged on grounds of futility, the proposed amendment must be considered under the Rule 12(b)(6) standard, as well. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). While "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend should be denied as futile if the proposed amendment would not "withstand a Rule 12(b)(6) motion to dismiss." *Rose*, 203 F.3d at 421.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 570 (2007)). That is, while the *factual* allegations, taken as true, need not be detailed, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

2

Ultimately, the question is whether the plaintiff has stated sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## IV. DISCUSSION

Leech asserts a medical malpractice claim under Ohio law. Based on the same facts giving rise to the state law medical malpractice claims, Leech also brings a § 1983 claim alleging an Eighth Amendment violation, applicable to the states through the Fourteenth Amendment, were violated. *See Robinson v. California*, 370 U.S. 660, 666 (1962). Defendants moved for summary judgment on both the state and federal law claims.

### A. OHIO MEDICAL MALPRACTICE CLAIM

An Ohio law medical malpractice claim must be brought within one year after the cause of action accrued. O.R.C. § 2305.113(A). But if the claimant gives the physician notice of the impending action within that one-year period, the claim may be asserted within 180 days of the notification. O.R.C. § 2305.113(B)(1).[3] Because "written notice will be deemed to have been given when received," the date of receipt is controlling rather than the date notice was mailed. *Edens v. Barberton Area Family Practice Ctr.*, 43 Ohio St. 3d 176, 180 (1989); *see also Marshall v. Ortega*, 87 Ohio St. 3d 522, 525 (2000) ("[A] claimant will have an additional one hundred eighty days from the time the notice is received by a potential defendant.").

In this case, Leech seeks to amend the complaint to add one new factual allegation: Leech mailed notice to P.A. Stuckey and Dr. Stein on December 6, 2016. (Doc. No. 19 at 5; Doc. No. 19-1 at 10). But since the date on which the notice was mailed is irrelevant, the amendment is futile, and the motion for leave to amend must be denied.

Independent of the motion to amend, Defendants assert the Ohio medical malpractice claims must be dismissed as time-barred. Specifically, Defendants allege the 180-day extension

---

[3] Because this statute contains the same language as the former O.R.C. § 2305.11(B), case law interpreting the former version can be applied to the current version. *See, e.g.*, *Smith v. Gill*, 2010-Ohio-4012, 2010 WL 3353037, at *3 (Ohio Ct. App. Aug. 26, 2010).

provided by statute does not apply because neither received the notice required by statute. In his memorandum in opposition, Leech contends he sent notice by certified mail to both Defendants. Attached to Leech's memorandum in opposition are the return receipts of the notice sent to each. (Doc. Nos. 23-7 & 23-8). Both were delivered on December 12, 2016. (*Id.*).

Because the allegedly negligent conduct by Dr. Stein occurred on December 9, 2015, the cause of action accrued on that date. Accordingly, the one-year statute of limitations expired on December 9, 2016. The notice, delivered on December 12, 2016, was not received prior to the expiration of this one-year period, as required. Therefore, even if Dr. Stein had received the notice on December 12, 2016, the untimely notice did not extend the statute of limitations. Since the claim was filed on June 2, 2017, well after the statute of limitations expired, the Ohio medical malpractice claim asserted against Dr. Stein is time-barred and must must be dismissed as a matter of law.

The same is not true for P.A. Stuckey. Because P.A. Stuckey's allegedly negligent conduct occurred on December 14, 2015, the statute of limitations did not expire until December 14, 2016. Leech's notice was delivered to NCCC on December 12, 2016. (Doc. No. 23-8). Prior to mailing notice, Leech was informed that P.A. Stuckey's employers included "Ohio Emergency Care Services and Jail Healthcare Services." (Doc. No. 24-1). The letter also specified certain individuals who were no longer at NCCC. (*Id.*). From this information, one could reasonably infer P.A. Stuckey could receive notice at NCCC Jail Healthcare Services. More so, there are no facts to establish P.A. Stuckey did not receive this notice.[4] That is, while Dr. Stein signed an affidavit stating he had not received notice, (Doc. No. 9-1), P.A. Stuckey did not do the same. Therefore, at this stage in the

---

[4] While Stuckey did not personally sign for the certified mail, someone at NCCC did. (Doc. No. 23-8). It is true that Ohio courts have held notice must be received by the intended recipient rather than sent to the place of employment alone. *See, e.g., Smith*, 2010 WL 3353037, at *3-*4; *Fulton v. Firelands Cmty. Hosp.*, 2006-Ohio-1119, 2006 WL 1545712, at *3 (Ohio Ct. App. Mar. 10, 2006). But these cases, decided on summary judgment, considered evidence that the physician had not actually received the notice sent to the place of employment. No such evidence is available at this pre-discovery stage.

4

litigation, it remains plausible that P.A. Stuckey received timely notice in compliance with O.R.C. § 2305.113(B)(1), which extended the statute of limitations by 180 days to June 10, 2017. Since Leech's claim was filed June 2, 2017, the Ohio medical malpractice claim asserted against P.A. Stuckey must survive the motion for judgment on the pleadings.

**B.     SECTION 1983 CLAIMS**

"Section 1983 provides a federal cause of action against government officials who, while acting under color of state law, 'deprived the claimant of rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Rhinehart v. Scutt*, 894 F.3d 721, 735 (6th Cir. 2018). In this case, Leech alleges the medical treatment he received at NCCC deprived him of his Eighth Amendment right to be free of "cruel and unusual punishments." *See* U.S. Const. Amend. VIII.

"Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Rather, to state an Eighth Amendment claim in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* This inquiry contains both an objective and subjective component. *Rhinehart*, 894 F.3d at 737 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). That is, "[t]he plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation *and* that the official acted with a culpable enough state of mind, rising above gross negligence." *Id.* (emphasis added).

**1.     Statute of Limitations**

Before analyzing the merits of the § 1983 claims, I will briefly address Defendants' statute of limitations argument. Defendants allege the Ohio medical malpractice statute of limitations applies to Leech's § 1983 claims as well. But the Supreme Court has explicitly rejected this nature-of-the-tort, piecemeal approach. Instead, "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250-51 (1989); *see also Zappone v.*

5

*United States*, 870 F.3d 551, 560 (6th Cir. 2017). In Ohio, the general statute for personal injury actions provides a two-year statute of limitations. O.R.C. § 2305.10(A). As such, a two-year statute of limitations applies to the § 1983 action here. *See, e.g.*, *Price v. Mgmt. & Training Corp.*, No. 3:15CV632, 2018 WL 6725400, at *1 (N.D. Ohio Dec. 21, 2018) (Carr, J.) (applying a two-year statute of limitations to similar § 1983 claim); *Ferrito v. Cuyahoga Cnty.*, No. 1:16CV475, 2018 WL 1757410, at *3 (N. D. Ohio Apr. 12, 2018) (Boyko, J.) (same).

**2.      Subjective Component**

The subjective component "requires proof that each defendant 'subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk' by failing to take reasonable measures to abate it." *Rhinehart*, 894 F.3d at 738 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)) (further citation omitted).

In the complaint, Leech alleges Dr. Stein sutured the wound knowing the equipment was inadequate to perform the procedure. (Doc. No. 1 at 7). Acknowledging the risk of a "knot," Dr. Stein simply stated that they would "just refer [Leech] to plastics." (*Id.*). Because Dr. Stein perceived the risk and continued to perform the procedure rather than take measures to abate it, such as referring the matter to a specialist, Leech has stated sufficient facts, at this stage in the litigation, from which one could infer the subjective component met.

The same is not true for P.A. Stuckey. While the complaint alleges that it is "possibl[e]" that P.A. Stuckey was involved in the removal process, the only affirmative facts of the complaint state P.A. Stuckey merely advised Leech that the wound would likely heal within the week and that plastics would be consulted for the improperly healed wound. (*Id.* at 7-8). First, even if P.A. Stuckey was involved in the removal process, there are no facts alleged to indicate the removal process was "an unnecessary and wanton infliction of pain." *See Estelle*, 429 U.S. at 105-06 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Instead, the supervisor determined removal was necessary on examination of Leech's eye. (Doc. No. 1 at 7). Second, there are no facts alleged that would lead to

6

an inference that P.A. Stuckey acted with the requisite culpability when advising Leech to wait a week to see if the wound healed. Therefore, since Leech has failed to state facts to satisfy the subjective component with regard to P.A. Stuckey, the claim must be dismissed.

**3.     Objective Component**

Because Leech stated sufficient facts to satisfy the subjective component with respect to Dr. Stein, the objective component must be considered. To prove this second component, Leech must demonstrate Dr. Stein's treatment was "grossly inadequate." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002). "[T]he relevant inquiry as to whether [Dr. Stein] provided grossly inadequate care [is] 'whether a reasonable doctor ... could have concluded his actions were lawful.'" *Id.* (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)). This is a fact-specific inquiry. Again, at this stage in the litigation, viewing the facts alleged most favorably to Leech, it is plausible that Dr. Stein acted unreasonably when he undertook the procedure on Leech's eye knowing his equipment was inadequate to perform the procedure. Judgment on the pleadings as to this claim against Dr. Stein is denied, accordingly.

## V.     CONCLUSION

For the foregoing reasons, Leech's motion for leave to amend is denied. (Doc. No. 19). Defendants' motion for judgment on the pleadings is granted, in part, and denied, in part. (Doc. No. 9). Specifically, I grant judgment on the pleadings to Dr. Stein on the Ohio medical malpractice claim and P.A. Stuckey on the § 1983 claim. Conversely, I deny judgment on the pleadings to P.A. Stuckey on the Ohio medical malpractice claim and Dr. Stein on the § 1983 claim.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge